# IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |  |
|---|---|---|
| MUSTAFA AHMED AL-HAWSAWI, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 25-5174 |
| DONALD J. TRUMP et al., | ) ) ) | |
| Respondents. | ) ) ) ) | |

## JOINT MOTION TO STAY PROCEEDINGS

Petitioner-Appellant Mustafa al-Hawsawi ("Petitioner") and Respondents-Appellees Donald J. Trump et al. ("Respondents" or "the Government") jointly move this Court to stay all deadlines in this matter pending a decision in *In re: USA*, No. 25-1009 (D.C. Cir. 2025).  Petitioner believes this decision will likely have an effect on his decision to proceed with his habeas appeal.

The grounds for this motion are as follows:

Factual Background

1.  Mr. al-Hawsawi is a high-value detainee who has been detained at
    Guantanamo Bay since 2006.

2.  Mr. al-Hawsawi and four co-defendants were charged under the Military
    Commissions Act. Pretrial proceedings began against them in the
    Guantanamo Bay Military Commission ("MC") in 2012 and continue to the
    present.

District Court Case

3.  On November 4, 2021, Mr. al-Hawsawi filed a petition for writ of habeas
    corpus in the United States District Court for the District of Columbia,
    alleging that Respondents were deliberately indifferent in failing to provide
    him with adequate medical care, in violation of the Eighth Amendment. *al-
    Hawsawi v. Trump et al.*, No. 21-cv-2907, ECF No. 1. Petitioner alleged that
    while in CIA custody, he was subjected to enhanced interrogation
    techniques, including rectal rehydration and rectal exams conducted with
    excessive force. *Id.* Additionally, Petitioner alleged that as a result of the
    torture, he suffers from chronic colorectal and gastrointestinal issues. *Id.*
    Petitioner asked the district court to issue an injunction requiring

2

Respondents to submit a medical treatment plan for court approval and to convene a Mixed Medical Commission under Army Regulation 190-8. *Id.*

4. On February 2, 2022, Respondents moved for judgment on Petitioner's Eighth Amendment claims and to dismiss or for judgment on his mixed medical commission claim. *al-Hawsawi v. Trump*, ECF No. 12.

5. On March 13, 2024, the district court granted Respondents' motion. *al-Hawsawi v. Trump*, ECF No. 39.

6. On April 10, 2024, Petitioner filed a Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e) and for leave to file an amended habeas corpus petition. *al-Hawsawi v. Trump*, ECF No. 40. He contended that relief under Rule 59(e) was warranted because he had discovered and presented new evidence that cured the deficiencies in his original Petition. *Id.*

7. On March 21, 2025, the district court denied Petitioner's Rule 59(e) motion. *al-Hawsawi v. Trump*, ECF No. 55.

8. On May 16, 2025, Petitioner filed a Notice of Appeal of the denial of the Petitioner's Rule 59(e) motion.

Pretrial Agreements in the Military Commission

9. While Petitioner's Rule 59(e) motion was still pending in the district court, on July 31, 2024, Petitioner, along with two other detainees, and the Convening Authority for Military Commissions entered into pretrial agreements ("PTAs") under seal in the Military Commission ("MC").

10. The PTAs remove the possibility of death sentences for the detainees. *See In re: USA*, No. 25-1009, Gov't Pet. for Writ of Mandamus, 4 (D.C. Cir. Jan. 7, 2025).

11. On August 2, 2024, Secretary of Defense Lloyd Austin III signed a Memorandum withdrawing from the PTAs. *See Office of Military Commissions Cases*, Office of Military Commissions Website, 1, https://www.mc.mil/Portals/0/pdfs/KSM2/KSM%20II%20(AE957I(Ruling)).pdf (last visited Apr. 29, 2025).

12. On November 6, 2024, the MC granted Petitioner's motion to schedule a plea hearing in accordance with his PTA, holding that Secretary Austin's withdrawal was invalid, as performance under the PTAs had already begun. *See id.* at 26–29.

13. On November 26, 2024, the Government filed a petition for a writ of

mandamus in the United States Court of Military Commission Review

("USCMCR") seeking to vacate the MC ruling. *See U.S. Court of Military*

*Commissions Review Cases*, Office of Military Commissions Website,

https://www.mc.mil/Portals/0/pdfs/KSM-24-001/(1)%2024-

001%20Mohammad-Public%20Version%20Gov%20Mand-

Prohib%20Writ%20Pet%20(Nov%2026,%2024).pdf (last visited Apr. 29,

2025).

14. On December 30, 2024, the USCMCR denied the Prosecution's petition for

a writ of mandamus. *See KSM et al. (24-001)*, Office of Military

Commissions Website, https://www.mc.mil/Cases/CMCR-Cases (last visited

Apr. 29, 2025).

15. On January 7, 2025, the Government filed a petition for a writ of mandamus

in this Court, as well as an emergency motion for a stay of the MC

proceedings, pending a ruling on the petition. *In re: USA*, No. 25-1009,

Gov't Pet. for Writ of Mandamus (D.C. Cir. Jan. 7, 2025); *In re: USA*, Gov't

Mot. for Stay (D.C. Cir. Jan. 7, 2025).

16. On January 9, 2025, this Court issued an administrative stay of the MC

proceedings, to allow for briefing and oral argument as to the validity of the

PTAs. *In re: USA*, Per Curiam Order (D.C. Cir. Jan. 9, 2025). Oral

arguments were heard on January 28, 2025.

17. On February 7, 2025, this Court ordered that the MC proceedings be stayed pending the court's disposition of the Government's petition for a writ of mandamus. *In re: USA*, Per Curiam Order (D.C. Cir. Feb. 7, 2025).

18. This Court has yet to lift the stay of the MC proceedings or issue a decision on the petition for mandamus.

## Grounds for a Stay

19. Petitioner believes that this Court's decision in *In re: USA* as to the validity of the PTAs likely will have an effect on Petitioner's decision to proceed with his habeas appeal.

20. Petitioner filed his Notice of Appeal in this case for the purpose of ensuring that this Court maintains jurisdiction in this case should this Court decide in *In re: USA* that Secretary Austin's withdrawal from the PTAs was valid.

21. Just as this Court issued a stay of the MC proceedings in *In re USA* on February 7, 2025, pending the disposition of the Government's writ of mandamus, this Court should similarly issue a stay in this case. The parties submit that a similar stay in the instant habeas matter would serve judicial economy by preserving this Court's jurisdiction while avoiding the

unnecessary expenditure of resources.

22. Courts of Appeals possess inherent authority to manage their own dockets, which includes the discretion to stay proceedings. The Supreme Court has recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Coinbase v. Bielski*, 599 U.S. 736, 752 (2023) (Jackson, J., dissenting) (same); *Philipp v. Fed. Republic of Germany*, 253 F.Supp.3d 84, 88 (D.D.C. 2017) (same); *Langiano v. City of Fort Worth*, 131 F.4th 285, 290 (5th Cir. 2025) (same) ("[F]ederal courts 'defer[] civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice' require") (emphasis in original).

23. Accordingly, Petitioner respectfully requests that this Court stay the appeal pending the decision in *In re: USA*.

24. Counsel for Petitioner contacted counsel for the Government to determine the Government's position on this motion. In the interests of conserving the resources of this Court, the Government joins this request. The parties jointly agree that the filing of Petitioner's Notice of Appeal and this

concurrently submitted motion does not conflict with Petitioner's potential

future obligations under the contested PTA.

**WHEREFORE**, the parties jointly request that the Court

**STAY** all deadlines in this matter pending a decision by this Court in *In*

*re: USA*, No. 25-1009 (D.C. Cir. 2025),

Dated:  May 29, 2025

Respectfully submitted,

*/s/ Stefan H. Krieger*
Stefan Krieger (NY0341)
Hofstra Law Clinic
108 Hofstra University
Hempstead, NY 11549
516-463-5934
stefan.h.krieger@hofstra.edu
*Attorney for Petitioner*

/s/ *Benjamin M. Shultz*
Benjamin M. Shultz
Attorney, Civil Division - Appellate
Staff
U.S. Department of Justice
950 Pennsylvania Ave., NW  Rm.
7211
Washington, D.C.  20530
Phone: 202-514-3518
Benjamin.Shultz@usdoj.gov
Attorney for Respondents